IN THE CIRCUIT COURT FOR THE STATE OF OREGON

MULTNOMAH COUNTY



| | |
|---|---|
| **SUSAN HUITT,** | Case No. |
| Plaintiff, | |
| v. | **SUMMONS** |
| OPTUMHEALTH, a wholly-owned subsidiary of UNITED HEALTH GROUP, INC., | |
| Defendants. | |

RECEIVED 6/2/14

TO:   **OPTUMHEALTH**
        C/O Heidi Guettler
        Congress Center,
        1001 SW 5th Avenue, Suite 1205
        Portland, OR 97204

**You are hereby required to appear and defend** the complaint filed against you in the above-entitled action within thirty (30) days from the date of service of this summons upon you, and in case of your failure to do so, for want thereof, plaintiff(s) will apply the court for the relief demanded in the complaint.

NOTICE TO THE DEFENDANT:
READ THESE PAPERS CAREFULLY!

You must "appear" in this case or the other side will win automatically. To "appear" you must file with the court a legal paper called a "motion" or "answer." The "motion" or "answer" must be given to the court clerk or administrator within 30 days along with the required filing fee. It must be in proper form and have proof of service on the plaintiff's attorney or, if the plaintiff does not have an attorney, proof of service upon the plaintiff.

_____
SIGNATURE OF PLAINTIFF

If you have any questions, you should see an attorney immediately. If you need help in finding an attorney, you may call the Oregon State Bar's Lawyer Referral Service at (503) 684-3763 or toll free in Oregon at (800) 452-7636.

TO THE OFFICER OR OTHER PERSON SERVING THIS SUMMONS: You are hereby directed to serve a true copy of this summons, together with a true copy of the complaint mentioned therein, upon the individual(s) or other legal entity(ies) to whom or which this summons is directed, and to make your proof of service on the reverse hereof, or upon a separate similar document which you shall attach.

_____
Attorney of Record for Plaintiff

**EXHIBIT A, 1 of 10**

1

2

3

4

**IN THE CIRCUIT COURT OF THE STATE OF OREGON**

5

**FOR THE COUNTY OF MULTNOMAH**    14CV05748

6

7    **SUSAN HUITT,** an individual,                          Case No.

8                Plaintiff,                                  **COMPLAINT**

9                v.                                          (Disability Discrimination – ORS 659A.112;
                                                              Whistleblowing Retaliation – 659A.199, .230;
10   **OPTUMHEALTH,** a wholly owned                         Wrongful Termination)
     subsidiary of UnitedHealth Group
11   Incorporated.                                           **DEMAND FOR JURY TRIAL**

12                Defendant.                                 CLAIM NOT SUBJECT TO MANDATORY
                                                              ARBITRATION
13
                                                             Prayer Amount: $150,000
14
                                                             FEE AUTHORITY: ORS 21.160(1)(c)
15
                                   **NATURE OF THE ACTION**
16
                                              1.
17
            This is an action for unlawful employment practices under ORS Chapter 659A to correct
18
     unlawful employment practices, to vindicate plaintiff's rights and the rights of others to work in
19
     environments free from unlawful discrimination, harassment, and retaliation, and to make plaintiff
20
     whole.
21
                                          **PARTIES**
22
                                              2.
23
            Plaintiff **SUSAN HUITT** ("Ms. Huitt") is an individual residing in Multnomah County, Oregon
24
     whom at times material to this Complaint was employed by defendant.
25

26

Page 1 – **COMPLAINT**

**3.**

Defendant **OPTUMHEALTH** ("OptumHealth"), **a subsidiary of UnitedHealth Group Incorporated,** was and is a foreign business corporation with offices in Tigard, Oregon. Defendant is an employer under ORS 659A.001(4) purposes of the claims alleged herein.

**FACTUAL ALLEGATIONS**

**4.**

Plaintiff was hired by defendant in November 2005 as an Employee Assistant Consultant. Plaintiff performed her duties satisfactorily and received excellent performance reviews.

**5.**

Plaintiff is a disabled person. Plaintiff was struck by a semi-truck in 2004 which resulted in plaintiff sustaining serious physical injuries. Plaintiff suffers from moderate to severe pain and migraines regularly, as well as several serious and disabling medical conditions.

**6.**

Plaintiff's injuries have caused and continue to cause plaintiff to suffer severe pain. Plaintiff's injuries require plaintiff to undergo treatment, including pain management therapy.

**7.**

Defendant is a health insurance company and at all times material, defendant was also plaintiff's healthcare insurer.

**8.**

Around early 2012, defendant refused to approve payment under plaintiff's health insurance plan for pain management therapy she was receiving.

**9.**

On or around March 9, 2012, plaintiff reported what she believed to be violations of the Employee Retirement Income Security Act (ERISA) by filing an internal appeal with defendant challenging its refusal to approve payment for plaintiff's pain management therapy. Plaintiff also reported what she believed to be ERISA violations to the U.S. Department of Labor, Employee

1    Benefits Security Administration in May 2012. A representative from the Department of Labor

2    contacted defendant regarding plaintiff's complaint.

3                                                    10.

4        Defendant denied plaintiff's appeal. In or around May 2012, plaintiff filed a second appeal with

5    Defendant, and reported additional evidence of ERISA violations.

6                                                    11.

7        On or around August 6, 2012, plaintiff reported to defendant action and conduct by defendant's

8    employees that violated the Health Insurance Portability and Accountability Act (HIPPA).

9                                                    12.

10       In response to plaintiff's reports of HIPPA and ERISA violations, plaintiff was subjected to

11   repeated harassment by her supervisors and other employees of defendant. Following plaintiff's

12   reports, she was routinely and consistently harassed, often hours at a time, interfering with plaintiff's

13   work. Defendant repeatedly attempted to make plaintiff fail in her job performance, by giving her

14   contradictory instructions and deadlines, and then reprimanding plaintiff.

15                                                   13.

16       In further retaliation, defendant removed plaintiff from her workplace duty of participating on

17   the administrative team. Plaintiff was also harassed by defendant in a August 9, 2012 meeting for

18   reporting violations of federal law.

19                                                   14.

20       On approximately August 10, 2012, plaintiff was harassed for four hours by defendant's

21   employees. Plaintiff contacted defendant's HR department to file a hostile work environment

22   complaint in an attempt to cease the continuing harassing conduct. However, defendant's HR failed to

23   take corrective action. Defendant's employees continued to harass plaintiff thereafter.

24                                                   15.

25       Defendant's harassment of plaintiff caused plaintiff to suffer from severe anxiety and stress. On

26   August 29, 2012, plaintiff was placed on a medical leave of absence by her physician.

EXHIBIT A, 4 of 10

16.

On or around July 29, 2013, plaintiff filed a complaint against defendant with the Oregon Bureau of Labor and Industries (BOLI).

17.

Plaintiff's employment was terminated on April 4, 2014.

**FIRST CLAIM FOR RELIEF**

**Disability Discrimination – ORS 659A.112**

18.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 17 as though fully set forth herein.

19.

ORS 659A.112 applies to defendant pursuant to ORS 659A.106.

20.

Plaintiff is disabled as defined by ORS 659A.104(1)(a) in that she has a physical disability. At all times material, plaintiff's condition substantially affected one or more major life activities, including working, lifting, among others.

21.

Plaintiff's impairment substantially limited her abilities as compared with the performance of the same major life activities by most people in the general population.

22.

Plaintiff is a qualified individual with a disability. At all times relevant, plaintiff was able to perform the essential functions of her position with reasonable accommodation, or without such reasonable accommodation.

23.

Defendant discriminated against plaintiff in the terms and conditions of her employment by creating a hostile work environment because of plaintiff's disability. Defendant's conduct was severe and pervasive in that plaintiff was repeatedly subjected to harassing comments by her supervisors, and

Page 4 – **COMPLAINT**

1   that plaintiff was removed from her job duties. Plaintiff experienced a gradual reduction of job duties

2   and increased harassment because of her disability. As a result of defendant's conduct, plaintiff

3   suffered from severe anxiety and stress and which forced plaintiff to take medical leave from work.

24.

5   Defendant terminated plaintiff in substantial motivating part due to her disability in violation of

6   ORS 659A.112.

25.

8   Plaintiff is entitled to a declaration that defendants acted in violation of the statute set forth in

9   this claim for relief and injunctive relief enjoining defendant from future violations of the statutes set

10  forth herein, on such terms as the court may determine.

26.

12  As a result of defendant's unlawful employment practice as alleged herein, plaintiff has lost

13  wages and benefits of employment, and other monetary losses, through the anticipated date of trial for

14  which she should be compensated in such amount to be determined at trial. For purposes of ORCP 18B

15  only, plaintiff estimates the past lost wages and benefits as $75,000.

27.

17  As a further result of defendants' unlawful employment practices alleged herein, plaintiff has

18  suffered noneconomic damages, including emotional and mental harm, for which she should be

19  compensated in an amount found to be appropriate by a jury based on the evidence presented at trial.

20  For purposes of ORCP 18B only, plaintiff estimates such noneconomic damages at $75,000.

28.

22  Reinstatement is not feasible and as a further result of defendant's unlawful employment

23  practices alleged herein plaintiff has lost future wages and benefits of employment for which she

24  should be compensated in such amounts to be determined at trial.

29.

26  Plaintiff is entitled to an award of expert witness fees and costs incurred herein, pursuant to

ORS 659A.885.

Page 5 – **COMPLAINT**

## SECOND CLAIM FOR RELIEF

### Whistleblowing Retaliation – ORS 659A.199

30.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 17, 25 through 29 as though fully set forth herein.

31.

ORS 659A.199 provides that it is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation.

32.

Plaintiff's multiple acts of reporting ERISA and HIPPA violations to defendant and to the Department of Labor, Employee Benefits Security Administration constituted a report of information plaintiff reasonably believed was evidence of a violation of federal law, rule, or regulation.

33.

Defendants terminated plaintiff's employment in substantial part due to plaintiff's report of a violation of law, rule, or regulation in violation of ORS 659A.199.

34.

Defendant retaliated against plaintiff in the terms and conditions of her employment by creating a hostile work environment because of her reports of federal law violations. Defendant's conduct was severe and pervasive in that plaintiff was repeatedly subjected to harassing comments by her supervisors, and that plaintiff was removed from her job duties. Plaintiff experienced a gradual reduction of job duties and increased harassment because of her reports. As a result of defendant's conduct, plaintiff suffered from severe anxiety and stress and which forced plaintiff to take medical leave from work.

Page 6 – **COMPLAINT**

35.

Plaintiff is entitled to an award of expert witness fees and costs incurred herein, pursuant to ORS 659A.885.

### THIRD CLAIM FOR RELIEF

### Whistleblowing Retaliation - ORS 659A.230

36.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 17, 25 through 29, as though fully set forth herein.

37.

ORS 659A.230 provides that it is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith caused a complaint to be filed against an employer.

38.

Defendants engaged in the acts alleged herein for the reason that plaintiff commenced a complaint against defendant with BOLI.

39.

Defendants terminated plaintiff's employment in substantial part due to plaintiff's report of a violation of law, rule, or regulation in violation of ORS 659A.230.

### FOURTH CLAIM FOR RELIEF

### Wrongful Termination

40.

Plaintiff incorporates by reference the allegations of paragraphs 1 through 17, 26, 27, as though fully set forth herein.

Page 7 – **COMPLAINT**

41.

Plaintiff's termination was motivated in substantial part by her pursuit of rights related to her role as an employee, which rights are of important public interest, i.e., her good faith reports of violations of federal law and her filing of a BOLI complaint.

## PLAINTIFF DEMANDS JURY TRIAL

38.

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff requests the court to:

1.    Declare defendants in violation of the relevant statute in each claim, if applicable;

2.    Grant a permanent injunction enjoining defendant, its officers, management personnel, commissioners, employees, agents, successors, assigns, and all persons in active concert or participation with defendant from engaging in employment practices which violate rights arising under the statutory provisions at issue in this case on terms the court deems appropriate;

3.    Award plaintiff her costs and expenses of suit as may be provided in each Claim for Relief;

4.    Order defendant to pay prejudgment and post-judgment interest on all amounts due to plaintiff as a result of this action where appropriate;

5.    Order defendant to make plaintiff whole by providing compensation for non-economic losses, including physical and emotional pain and suffering, and worsening of health conditions, as set forth in each claim for relief, in amounts as are found appropriate by a jury;

6.    Award money damages as alleged in each Claim for Relief above;

7.    Assess against defendant punitive damages as set forth in each claim for relief in an amount sufficient to punish defendant and to deter defendant and others from similar conduct in the future;

Page 8 – **COMPLAINT**

9.    Order such further or alternative relief in favor of plaintiff as the court deems appropriate.

By: _Susan M. Huitt_

Susan M. Huitt
Plaintiff, pro se

Page 9 – **COMPLAINT**